44 F.3d 1032
 310 U.S.App.D.C. 143
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
WAVE, INC., Petitioner,
v.
DEPARTMENT OF LABOR, Respondent.
 No. 94-1147.
 United States Court of Appeals, District of Columbia Circuit.
 Nov. 28, 1994.
 
 Before SENTELLE, RANDOLPH, and TATEL, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This cause came to be heard on a petition for review of a final decision of the Secretary of Labor, and was briefed and argued by counsel. The issues have been accorded full consideration by the Court and occasion no need for a published opinion. See D.C.Cir.Rule 36(b). For the reasons stated in the accompanying memorandum, it is
 
 
 2
 ORDERED and ADJUDGED that the decision of the Secretary of Labor be affirmed.
 
 
 3
 The clerk is directed to withhold issuance of the mandate hearing until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41.
 
 ATTACHMENT
 MEMORANDUM
 
 4
 Petitioner WAVE, Inc. ("WAVE") challenges a final decision of the Secretary of Labor requiring reimbursement of certain costs previously disbursed by the Department of Labor ("DOL") under federal Job Training Partnership Act ("JTPA"), 29 U.S.C. Sec. 1501 et seq., funding arrangements. WAVE claims that the Secretary, acting through an ALJ, improperly allocated indirect costs between federal and non-federal programs administered by WAVE under Office of Management and Budget ("OMB") Circular A-122, Cost Principles for Nonprofit Organizations, 45 Fed.Reg. 46,022 (1980), resulting in a determination that WAVE overcharged federal funding arrangements. We reject petitioner's arguments and affirm the Secretary's decision.
 
 
 5
 Petitioner's primary complaint is that, in allocating indirect costs, the ALJ should have applied a "special indirect cost rate" found in OMB Circular A-122, Attachment A(D)(5), as opposed to the "simplified allocation method" of OMB Circular A-122, Attachment A(D)(2), actually selected by the ALJ. WAVE contends that discrepancies in costs incurred between the Directly Administered Programs ("DAPs") and other WAVE programs mandated the adoption of the special method. The ALJ premised the application of the simplified allocation method on a factual finding that WAVE maintained inadequate timekeeping records, making it impossible to determine whether DAPs, in fact, incurred disproportionately lower costs than other WAVE programs.
 
 
 6
 Under the JTPA, the Secretary's factual findings are conclusive if they are supported by substantial evidence. 29 U.S.C. Sec. 1578(a)(3). We find that the Secretary's determination that the facts of this case do not warrant the application of a special allocation rate is supported by substantial evidence in the record. It is undisputed that WAVE failed to maintain proper time sheets, as required by OMB Circular A-122, Attachment B(6)(l)(2). Additionally, WAVE did not develop an indirect cost pool in the contract formation process as recommended by OMB Circular A-122, Attachment A(D)(5). Based upon these factual predicates, the ALJ determined that the auditors could not possibly have developed a special indirect cost rate because it was impossible to determine whether "a single indirect cost rate for all activities of an organization or for each major function of the organization [would be] appropriate." OMB Circular A-122, Attachment A(D)(5). WAVE's failure to maintain time sheets makes that determination extraordinarily difficult if not impossible for two related reasons: (1) the evidence indicated that a large part of WAVE's costs were labor costs incurred at the national office; (2) auditors would be unable to conclude what proportion of those labor costs would be attributable to DAPs and to other WAVE programs. Consequently, the Secretary's determination that the factual predicates necessary for the application of a special indirect cost rate are not met is supported by substantial evidence. The Secretary, acting through the ALJ, did not err in concluding that the simplified allocation rate under OMB Circular A-122, Attachment A(D)(2) applies.
 
 
 7
 Although the Secretary's interpretation of the simplified allocation methodology of Attachment A(D)(2) is not entitled to deference because it is an interpretation of a regulation promulgated by another agency, Department of Treasury v. FLRA, 837 F.2d 1163, 1167 (D.C.Cir.1988), we find that his interpretation is supported by the language of the regulation. In arriving at an indirect cost rate, the Secretary chose total direct costs for all WAVE programs as a distribution base and divided those costs into direct costs incurred by each program to determine the allocation rate. This methodology is expressly authorized by the language of OMB Circular A-122, which provides that the "distribution base may be total direct costs." OMB Circular A-122, Attachment A(D)(2)(c). Additionally, as noted in oral argument, the methodology chosen by the Secretary equals algebraically the methodology detailed by OMB Circular A-122 when it provides for an indirect cost rate equal to total allowable indirect costs divided by an equitable distribution base. OMB Circular A-122, Attachment A(D)(2)(a). We thus conclude that the indirect costing methodology chosen by the Secretary is supported by the plain language of Attachment A(D)(2).
 
 
 8
 Finally, we need not reach WAVE's argument that it improperly bore the burden of proof in the ALJ's hearing. We doubt that shifting the burden to the Department of Labor to prove that these costs should be disallowed would have changed the Secretary's determination because, as to the evidence supporting the ALJ's determination that the special indirect cost rate could not apply, there was no dispute.
 
 
 9
 Accordingly, the decision of the Secretary is affirmed.